| Case No. | **CV 17-3418 DMG (JCx)** | Date | July 31, 2017 |
|---|---|---|---|

| Title | *Matthew Moore v. Petrochem Insulation, Inc.* | Page | 1 of 4 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE REMANDED**

The Court incorporates its discussion of the procedural background from its Order to Show Cause ("OSC") why the action should not be remanded to state court. ("May 11, 2017 Order") [Doc. # 8.] Having reviewed the parties' responses to the OSC, the Court **REMANDS** this action to Los Angeles County Superior Court.

## I.
## LEGAL STANDARD

A defendant may remove an action brought in state court to a federal district court where the action is pending if the district court has original jurisdiction over the action. 28 U.S.C. § 1441. A federal district court has original jurisdiction over "all civil actions arising under the Constitution, law, or treaties of the United States." 28 U.S.C. § 1331. The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) ("removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts."). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is *any doubt* as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (emphasis added). Generally, a federal claim must appear on the face of a well-pleaded complaint for federal question jurisdiction. *Lyons v. Alaska Teamsters Employer Serv. Corp.*, 188 F.3d 1170, 1171 (9th Cir. 1999).
//

UNITED STATES DISTRICT COURT     **REMAND / JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3418 DMG (JCx)** | Date | July 31, 2017 |
|---|---|---|---|
| Title | *Matthew Moore v. Petrochem Insulation, Inc.* | Page | 2 of 4 |

## II.
## ANALYSIS

### A. Section 301 LMRA Preemption

The Court incorporates its articulation of the *Burnside* two-part test for determining Section 301 preemption from its May 11, 2017 Order.

#### 1. Right Conferred by State Law

Rest and meal breaks, and recovery of overtime pay claims brought pursuant to California Labor Code sections 226.7 and 1198, are pure state law claims. *See, e.g.*, *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1199 (C.D. Cal. 2015) (rest and meal break claims, and claims for recovery of unpaid wages "derive from violations of California state law, not violations of the CBA."). If the right is conferred on individual employees as a matter of state law, "it is the legal character of a claim . . . and not whether a grievance arising from 'precisely the same set of facts' could be pursued, that decides whether a state cause of action may go forward." *Livadas v. Bradshaw*, 512 U.S. 107, 124 (1994).

Here, Plaintiff Mathew Moore's First Amended Complaint ("FAC") "does not allege any violation of a [Collective Bargaining Agreement] or seek redress for such violation." Moore Resp. at 3 [Doc. # 12]. Instead, his wage and hour claims brought under the California Labor Code and the California Unfair Competition Law exist independently of any CBA and are not preempted under the first prong of the *Burnside* test.

Nevertheless, Defendant Petrochem Insulation, Inc. contends that certain California Labor Code sections at issue in this case do not apply to employees covered by a CBA. Def. Resp. at 3 (citing Cal. Lab. Code §§ 510, 512, 514). Because of these statutory exemptions, Petrochem asserts that Moore "has no valid statutory claims for daily overtime, meal breaks, or rest breaks" against it. *Id.* at 6. Petrochem's argument, however, raises an affirmative defense that does not alter the fact that Moore's claims arise under state law. *See Vasserman v. Henry Mayo Newhall Mem'l Hosp.*, 65 F. Supp. 3d 932, 955 (C.D. Cal. 2014) ("Even if [defendant's] § 514 [exemption] defense ultimately prevails, [plaintiff's] claim is premised on state law rights afforded by § 510, not on rights created by the CBA.").
//

UNITED STATES DISTRICT COURT     **REMAND / JS-6**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-3418 DMG (JCx)** | Date | July 31, 2017 |
|---|---|---|---|
| Title | *Matthew Moore v. Petrochem Insulation, Inc.* | Page | 3 of 4 |

**2. Right Not "Substantially Dependent" on Collective Bargaining Agreement**

A state law right is "substantially dependent" on the terms of a CBA if a court must "interpret" rather than merely "look to" the CBA in resolving the claim. *Burnside*, 481 F.3d at 1060. The distinction "is not always clear or amenable to a bright-line test." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 691 (9th Cir. 2001), *as amended* (Aug. 27, 2001). "[N]ot every claim which requires a court to refer to the language of a labor-management agreement is necessarily preempted [and] the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005).

Here, Petrochem only points to one specific provision of the CBA that supposedly requires interpretation of the CBA to resolve the state-law claim. This provision states that "[r]est periods need not be authorized in limited circumstances when the disruption of continuous operations would jeopardize the product or process of the work." *See* Doc #1-14 at 5 (collective bargaining agreement). According to Petrochem, it "anticipates that, to the extent [Moore] (or other putative class members) missed any rest breaks, it will assert that it was because the disruption of his work would have jeopardized the product or process of work. . . ." Def. Resp. at 8.

The fact that the Court may *refer* to the CBA or one its provisions is not tantamount to *interpreting* that CBA provision. *See, e.g.*, *Sanchez v. Calportland Co.*, 2015 WL 6513640, at *4 (C.D. Cal. Oct. 26, 2015) ("No 'interpretation' is needed of the CBA at issue—which is straightforward and clear—to determine whether it provides an employee with the rights listed in sections 512(e) and 514."); *Vasserman*, 65 F. Supp. 3d at 956 (where CBA is "straightforward and clear" and "no interpretation is required to determine the applicability of the exemption," plaintiffs' claims are not preempted). In this case, while there may be a dispute as to the underlying facts, none of the parties dispute the meaning of the CBA rest-period provision and the Court need not interpret the CBA to resolve Moore's rest-period claim.

In sum, the substantive claims in this action are not substantially dependent on the CBA and therefore the LMRA does not preempt this action.
//

## III.
## CONCLUSION

In light of the foregoing, the Court **REMANDS** this action to Los Angeles County Superior Court due to lack of subject matter jurisdiction.

**IT IS SO ORDERED.**